■ RENA S. AVITABILE, Respondent, v JOSEPH J. CASPI, INC., et al., Appellants. [855 NYS2d 654]—In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 19, 2006, which denied their motion, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for a new trial, or alternatively, to set aside the jury verdict on the issue of damages as against the weight of the evidence and for a new trial on that issue, or alternatively, to reduce the amount of damages awarded as excessive, and (2) a judgment of the same court entered December 21, 2006, which, upon a jury verdict awarding damages to the plaintiff in the principal sums of $200,000 for past pain and suffering, $1,000,000 for future pain and suffering, $35,000 for past medical expenses, and $10,000 for future medical expenses, is in favor of the plaintiff and against them.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages in the principal sum of $1,000,000 for future pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants, and the motion is granted to the extent that a new trial on the issue of damages for future pain and suffering is granted, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation

834

consenting to reduce the verdict as to damages for future pain and suffering from the sum of $1,000,000 to the sum of $675,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the jury's determination that the plaintiff's patella was injured as a result of the subject accident was supported by legally sufficient evidence, as the evidence provided a valid line of reasoning and permissible inferences supporting that determination (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Furthermore, that determination was based upon a fair interpretation of the evidence, and thus, was not against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]).

However, we agree with the defendants that the award of damages for future pain and suffering deviates from what would be reasonable compensation, and is excessive to the extent indicated (*see* CPLR 5501 [c]).

The defendants' remaining contentions are without merit or are not properly before this Court. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.